**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHANEL HALL, *individually and as* | § | |
| *next friend and personal representative* | § | |
| *of the estate of J.C.P.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2611 |
| | § | |
| SCOTT DIXON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case involves federal and state law claims arising out of the death of Chanel Hall's daughter, Jasmine.  On February 7, 2011, this court dismissed with prejudice Hall's claims under 42 U.S.C. § 1983 and remanded the case to the 164th District Court of Harris County, Texas. (Docket Entry No. 158, 159).  Hall has requested a stay of this court's remand order pending the outcome of the  appeal she plans to file with the Fifth Circuit. (Docket Entry No. 161).  Harry W. Rhodes, Memorial Hermann Hospital, and Betsi Sanchez and Child Advocates have responded, opposing the stay, (Docket Entry Nos. 163–65).

A party seeking a stay pending appeal[1] generally must first request a stay from the district court.  FED. R. APP. P. 8(a)(1)(A); *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) (per curiam); 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3954, at 588 (3d ed. 1999).  "The party who seeks a stay must show: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not

---

[1]  Hall has not yet appealed this court's remand order.

granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay." *United States v. Simcho*, 326 F. App'x 791, 793–94 (5th Cir. 2009) (quoting *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986)); *see also Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) ("The party who seeks a stay bears the burden of establishing these prerequisites." (citations omitted)). "While each part must be met, the appellant 'need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.'" *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438–39 (5th Cir. 2001) (quoting *In re First S. Sav. Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987)); *see also Laurenzo ex rel. Laurenzo v. Miss. High Sch. Activities Ass'n, Inc.*, 708 F.2d 1038, 1042 (5th Cir. 1983) (concluding that the likelihood of success necessary to stay pending appeal is lower than to issue an injunction). "[I]f the balance of equities . . . is not heavily in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal." *Ruiz v. Estelle*, 650 F.2d 555, 565–66 (5th Cir. 1981); *see also Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) ("The *sine qua non* of the stay pending appeal standard is whether the movants are likely to succeed on the merits." (quotations, citations, and alterations omitted)).

Hall's motion fails to show that a "substantial case on the merits" exists. The motion identifies only one issue: whether Lutheran Social Services of the South acted "under color of state law," such that it is amenable to suit under 42 U.S.C. § 1983.[2] This issue concerns only this court's

---

[2] It does not appear that Hall plans to contest this court's exercise of discretion to remand the case after dismissing her federal claims. Her motion does not identify this issue, and at a hearing before this court on November 12, 2011, Hall indicated that she would not oppose remand if this court dismissed the § 1983 claims. No other party opposed remand of the state claims if the federal claims were dismissed. Hall appears to have waived her right to contest remand on

decision not to grant leave for Hall to amend her § 1983 claim against Lutheran Social Services of the South.  Although the issue is not settled in this circuit, this court noted cases holding that private participants in the foster-care system are not considered state actors.  This court also conducted the analysis under the various theories of state action Hall identified.  (Docket Entry No. 158 at 139–44).  Even if the question of whether a child placement agency is a state actor presented a substantial issue, it is not, however, the only reason that this court denied leave to amend.  As explained below, this court also concluded that Hall's allegations did not plausibly plead proximate causation and the record did not suggest a basis for inferring that a constitutional violation occurred.  Each of these grounds was adequate to deny her motion for leave to amend.  Therefore, she has not shown "a substantial case on the merits [involving] a serious legal question."  *Arnold*, 278 F.3d at 438–39 (quotations omitted).

Hall's allegations failed to state a claim for violation of Jasmine's right to safety in state-mandated foster care, the substantive violation Hall alleged under § 1983.  In a previous opinion, this court identified deliberate indifference as the applicable standard of care.  (Docket Entry No. 132 at 47).  Hall argued in her motion for reconsideration that the standard of care should beprofessional judgment, citing *Youngberg v. Romeo*, 457 U.S. 307 (1982).  This court observed that no court in the Fifth Circuit had adopted the professional judgment standard in this context.  *See, e.g.*, *Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, Civ. A. No. 3:99-CV-1644-P, 2002 WL 31689710, at *9 (N.D. Tex. Nov. 22, 2002).  A nearly unanimous en banc

---

appeal. *See JM Walker LLC v. Acadia Ins. Co.*, 356 F. App'x 744, 748 (5th Cir. 2009) (per curiam) (summary calendar) (unpublished) (defining waiver as the "intentional relinquishment of a known right").  Because of her failure to object, the issue is reviewable at most for plain error. *Casas v. Aduddell*, No. 10-152, 2010 WL 5185494, at *2 (5th Cir. Dec. 15, 2010)(per curiam) (summary calendar) (unpublished).  Whether this court's decision to remand after dismissing the federal law should be reversed does not present a substantial issue for appeal.  *See id.* (requiring that "plain error" be "an an error that is clear or obvious and affects . . . substantial rights").

opinion of the Fifth Circuit also casts doubt on the continuing validity of the standard. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 646–47 (5th Cir. 1996) (en banc). Nevertheless, this court analyzed Hall's claim under the *Youngberg* standard, as well as deliberate indifference. Hall's allegations focused primarily on Edward Allen Cochran's alleged use of methamphetamine. But Hall's allegations contained no details suggesting that a failure to learn of such drug use reflected an absence of professional judgment, as opposed to negligence. *See, e.g.*, *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 790 (2d Cir. 1983) (stating that in *Youngberg*, "the Court adopted what is essentially a gross negligence standard"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (requiring allegations "plausibly suggesting (not merely consistent with)" illegality). Nor did the allegations suggest that that Edward Allen Cochran was in any way involved with Jasmine's death. *See, e.g.*, *Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005) ("Section 1983 does require a showing of proximate causation, which is evaluated under the common law standard.") (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)).

The record does not show other grounds weighing in favor of a stay. Hall argues that an immediate remand will cause significant harm to her. If the Fifth Circuit reverses, she will face the two cases on separate tracks in two courts, which would, she argues, would waste judicial resources. These points apply in any appeal of a case remanded under § 1367(c). That "state proceedings that occur could be potentially duplicative, mooted or otherwise wasteful" depending on the outcome of the appeal is "simply too speculative to rise to the level of 'irreparable injury.'" *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, No. 04 Civ. 4991(RJH), 2004 WL 2734562, at *3 (S.D. N.Y. Nov. 29, 2004) (quoting *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995)) (declining to stay remand). There is no evidence that pursuing the appeal and state-court litigation will be

4

particularly taxing.  *See Lafalier v. Cinnabar Svc. Co.*, No. 10-CV-0005-CVE-TLW, 2010 WL 1816377, at *2 (N.D. Okla. Apr. 30, 2010) (staying remand in light of "substantial issues" for appeal and the opposing parties' "numerous discovery requests").  The public interest does not strongly favor staying remand.  An "issue of possible first impression" can weigh in favor of staying a case.  *CitiFinancial, Inc. v. Lightner*, No. 5:06CV145, 2007 WL 3088087, at *4 (N.D. W. Va. Oct. 22, 2007).  Even if the issue of whether child placement agencies are state actors is such a question, leave to amend was also denied on other issues, the resolution of which Hall has not disputed in her motion.

Hall has not met her burden to "present a substantial case on the merits when a serious legal question is involved *and* show that the balance of the equities weighs heavily in favor of granting the stay."  *Arnold*, 278 F.3d at 439 (emphasis added).  She is not entitled to a stay.

Alternatively, Hall requests an emergency stay to ensure that the Fifth Circuit has an opportunity to consider a motion for a stay.  Such a stay is unnecessary.  Hall has sufficient time to file a notice of appeal and request a stay from the Fifth Circuit.

The motion for a stay of the remand order pending appeal is denied.

SIGNED on February 25, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

5